**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| RONN S. SHORTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 4:20-cv-1260-PLC |
| | ) |
| TERI LAWSON, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of petitioner Ronn S. Shorter's amended petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Because it plainly appears from the face of the amended petition that petitioner is not entitled to relief, this action will be dismissed without prejudice.

**Background**

Petitioner is presently in custody at the Farmington Correctional Center. On February 15, 2006, he pled guilty to offenses including assault in the first degree, and was sentenced to serve a total of twenty years in prison. *See State v. Shorter*, No. 22041-02003-01 (22nd Jud. Cir. 2004). He initiated this action on September 8, 2020.

Petitioner claims the Missouri Board of Probation and Parole (also "Board") erred in determining his eligibility for parole, or otherwise erroneously diminished the possibility of his early release. More specifically, in Ground One of the amended petition, petitioner claims the Board incorrectly determined he was required to serve 85% of his sentence before he was eligible for parole. In Ground Two, petitioner avers the Board erroneously failed to consider a salient factor score. Petitioner makes no attempt to challenge his original convictions or

sentences. Petitioner does not specify when the Board made its allegedly wrongful determinations or when he learned of them, and he left blank the section of the form petition soliciting information about the timeliness of the petition. Nevertheless, he repeatedly admits he did not challenge the Board's determinations in the Missouri State courts before initiating the instant action.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears the petitioner is not entitled to relief. Here, it is not apparent that petitioner timely filed the instant action. Nevertheless, it would be futile to direct petitioner to address the issue because it plainly appears he is not entitled to relief because he failed to exhaust state remedies before initiating this action, and because his claims are not cognizable in these proceedings.

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). Here, petitioner claims the Board erred in determining his eligibility for parole, or otherwise erroneously diminished the possibility of his early release. Missouri law provides at least three avenues for challenging such determinations: by bringing a declaratory action against the Board, by filing a state petition for writ of habeas corpus, or by filing a petition for writ of mandamus. *Wayne v. Missouri Board of Probation and Parole*, 83 F.3d 994, 996-97 (8th Cir. 1996). Here, petitioner repeatedly admits he made no attempt to challenge the Board's determinations in state court before initiating the instant action, and he offers nothing tending to demonstrate exceptional circumstances for such

failure. Therefore, this action is subject to dismissal due to petitioner's failure to exhaust available state remedies before invoking federal habeas corpus jurisdiction.

Additionally, it plainly appears from the face of the amended petition that petitioner's claims are not cognizable in these proceedings. This Court may issue a writ of habeas corpus only for a violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Claims that do not state a constitutional issue are not cognizable in a federal habeas petition. *Gee v. Groose,* 110 F.3d 1346, 1351-52 (8th Cir. 1997).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution, or from "an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). A state's statutory scheme, if it uses mandatory language, can give rise to a constitutional liberty interest. *Id.* at 12. However, the Eighth Circuit Court of Appeals has examined this issue and held that Missouri's statutes contain discretionary language, and do not establish a right to release on parole that would invoke due process protection. *See Ingrassia v. Purkett,* 985 F.2d 987, 988 (8th Cir. 1993) (citing *Green v. Black*, 755 F.2d 687, 688 (8th Cir.1985)). The Court therefore concludes that petitioner's claims do not state a constitutional issue, and are not cognizable in these proceedings.

The Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable

3

whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 29th day of January, 2021.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE